UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
CASE NO.0:13-cv-60908-WPD

JAMES CORN

Plaintiff,

Against

TPUSA, INC.,
Foreign Profit Corporation,

Defendant.
_____/

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, JAMES CORN, by and through his undersigned attorney, and hereby sues Defendants, TPUSA, INC. (hereinafter referred to as "Defendant") and alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1.      This is an action to recover money damages for unpaid overtime wages, under the laws of the United States, and the State of Florida. The Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA"), and F.S.A. Const. Art. 10 § 24, under 28 U.S.C. § 1343.

2.      Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable court and was at all times material, employed by Defendant as a technology trainer. Plaintiff was an employee as defined by 29 U.S.C.

1

§ 203(e), and during his employment was engaged in interstate commerce or in the production of goods for interstate commerce in Palm Beach County.

3.  The Defendant, TPUSA, INC., is a Corporation organized and existing under the laws of the State of Delaware, and is engaged in doing business in Palm Beach County, Florida. It is an enterprise engaged in an industry affecting interstate commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207 in the offices where Plaintiff was employed.

## FACTS

4.  This action is brought by Plaintiff to recover from the Defendant unpaid overtime wages compensation, as well as an amount for liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C.§ 207.

5.  The Defendant, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant operated organizations which sell and/or make their services and/or goods to customers from throughout the United States, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Defendants

was at all times material hereto in excess of $500,000.00 per annum, and otherwise satisfies the FLSA's requirements.

6.  By reason of the forgoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in interstate commerce or in the production of goods for interstate commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff and those similarly-situated are within interstate commerce.

7.  Since on or about October 1, 2010 up to and including January 2012, Defendant willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing Plaintiff for workweeks longer than 40 hours without compensating him for his employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which he was employed: specifically Plaintiff, during his employment, worked in excess of 40 hours a week during the course of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

8.  The failure to pay overtime compensation to Plaintiff is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. §213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if Plaintiff was exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to Plaintiff.

9. Defendant's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and Plaintiff's status as non-exempt, but chose not to pay him in accordance with the Act

## CLAIM FOR RELIEF

10. Plaintiff realleges and incorporates by reference all previous paragraphs.

11. At all times material hereto, the Defendants failed to comply with Title 29 U.S.C.§§ 201-219 AND 29 C.F.R. § 516.4 et seq. in that the Plaintiff worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay the at the rate of the time and one-half for all hours worked in excess of forty (40) per work week as provided in the FLSA.

12. Defendant willfully, regularly and repeatedly failed to pay overtime rates, and Plaintiff is entitled to recover damages, as follows:

### Damages

| | |
|---|---|
| Client's Hourly Wage Rate | $13.00 |
| Rate of Overtime Wages | $19.50 |
| Total Overtime Hours Claimed | 325 |
| Overtime Wages Owed | $6,337.50 |
| Liquidated Damages | $6,337.50 |
| **Total of Overtime Claim** | **$12,675.00** |

13.     Plaintiff has retained the law offices the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorneys' fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Defendants to him over the course of his employment with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

**Respectfully submitted,**

**SCHWARTZ ROLLER LLP**

By: /s/ K. Brian Roller
K. BRIAN ROLLER
Florida Bar No. 0018696
3876 Sheridan Street
Hollywood, Florida 33021
Telephone :( 954) 966-2483
Facsimile :( 954) 966-2566